UNITED STATES of America,
Plaintiff-Appellee,

v.

Frank A. WYSS, Defendant-
Appellant.

No. 11674.

United States Court of Appeals
Seventh Circuit.

Jan. 11, 1957.

C. A. Lincoln, Fort Wayne, Ind., John J. Naughton, William C. Wines, Chicago, Ill., for appellant.

Jack C. Brown, U. S. Atty., Don A. Tabbert, Asst. U. S. Atty., Charles K. Rice, Asst. Atty. Gen., Stephen Leonard, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Following in the wake of Commissioner of Internal Revenue v. Wilcox, 1946, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed. 752, an occasional taxpayer has firmly insisted upon being recognized and classed as a self-made embezzler hoping to avoid the economic impact, and penal provisions, of the Internal Revenue Code by insulating against the majority views reported in Rutkin v. United States, 1952, 343 U.S. 130, 72 S.Ct. 571, 96 L.Ed. 833. This case is faithful to that pattern. Consequently we are again treating with the elusive and restless concept of income, for tax purposes, which has plagued courts since Eisner v. Macomber, 1920, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521.

Convicted, after a comparatively lengthy bench trial, of violating 26 U.S. C. § 145(b) through omissions of sums of money from his joint tax return for the calendar years 1948 and 1949, Wyss contends here that the amounts admittedly received and excluded by him were derived from two sources: (1) funds he "embezzled" and (2) "gifts" received by him from a long-standing friend for leads defendant supplied to prospective purchasers of soda fountain equipment. That these moneys were simply not *in-*

*come,* illegal or otherwise, is the pith of Wyss' attack on the judgment appealed.

By his briefing counsel for Wyss emphasizes that all certain evidence received below:

" * * * tended to show is that the defendant received about $20,000 for having procured contracts with the City of Fort Wayne, treated the money as his own by investing it and keeping the returns on the investment, and failed to report or pay a tax upon any part of these receipts.

"The defendant conceded in his Original Brief that such was the import of the Government's evidence, did not challenge its sufficiency to support a finding was true *if there had been a finding which there was not,* that the defendant did receive, exploit for his own use, and fail to report or pay a tax upon monies given him for procuring public contracts * * *. Defendant raises no question in this court as to his intent.

"He intended to and did exercise personal dominion over these funds for his own benefit." (Defendant's reply brief. p. 2. Italics in the original material.)

But to dispel the impact of that concession, and the state of the record as we find it from our canvass, the defendant urges on us that the funds were not in fact or in law his regardless of his subjective attitude toward them. He contends that if the funds were "kickbacks" they belong to the City of Fort Wayne or, in the alternative, if they were misappropriated by him they were embezzled. Both record and briefs for the parties exhibited the undisputed fact Wyss received the moneys in question. There is evidence of Wyss' political activities on behalf of Henry E. Branning who, during 1947, was a candidate for, and ultimately elected to, the office of Mayor for Fort Wayne. Defendant was treasurer of "The Branning for Mayor Club," and Wyss now points to contributions received, in that capacity, as the source from which he purchased securities for personal investment, reporting incidentally, dividends received therefrom on his tax return. But on the other hand evidence adduced by the Government tends to show these receipts were "kickbacks" for Wyss' procurement of city coal contracts, lumber and insurance. Detailing all the evidence is unnecessary in this opinion for it is a tragic situation where the government prosecuted on the theory of unreported bribes with the defendant denying he was bribed but claiming he embezzled. From that thesis Wyss contends that if such funds were "kickbacks" then they constituted money which under the Wilcox case [1] were nontaxable because he was supposed to return or repay them—indeed, he argues the Indiana law-enforcing officials have a positive duty to recover political "kickbacks." Rule 23(c), Federal Rules of Criminal Procedure, 18 U.S.C. was not invoked by defendant. United States v. Owen, 7 Cir., 1956, 231 F.2d 831, 833. By his failure to take advantage of that Rule, defendant left uncrystallized questions of fact to which the law would be applied. The inherent weakness in the major points raised on appeal and labelled questions of law pivot on several inarticulated major premises. The trial judge was not foreclosed from disbelieving, on the evidence before him, that Wyss was an embezzler.

Because the district judge made no express finding [2] as to whether the money Wyss admitted receiving, were "kickbacks" or embezzled funds we are told by the defendant if they were the former

---

1. "The taxpayer was convicted in a Nevada state court in 1942 of the crime of embezzlement. He was sentenced to serve from 2 to 14 years in prison and was paroled in December, 1943." 327 U.S. 404, 406, 66 S.Ct. 546, 548.

2. A statement by the district judge after the close of the evidence constitutes the springboard for defendant's argument and conclusions.

then the money belonged to the City of Fort Wayne, but if they were political contributions—donated to a political trust fund, then Wyss embezzled them and therefore in either event were nontaxable. In Marienfeld v. United States, 8 Cir., 1954, 214 F.2d 632, the court rejected the Missouri statute proscribing embezzlement as a factor in determining taxability. See also: Kann v. Commissioner, 3 Cir., 1954, 210 F.2d 247.

 We are by no means the bellwether among the Circuits to point up the Supreme Court's statement in Rutkin v. United States, 1952, 343 U.S. 130, 138, 72 S.Ct. 571, 576: "We do not reach in this case the factual situation involved in Commissioner of Internal Revenue v. Wilcox, 327 U.S. 404, 66 S.Ct. 546. We limit that case to its facts." The Rutkin majority of a sharply divided court said:

"An unlawful gain, as well as a lawful one, constitutes taxable income when its recipient has such control over it that, as a practical matter, he derives readily realizable economic value from it. [Citing.] That occurs when cash, as here, is delivered by its owner to the taxpayer in a manner which allows the recipient freedom to dispose of it at will, even though it may have been obtained by fraud and his freedom to use it may be assailable by someone with a better title to it.

"Such gains are taxable in the yearly period during which they are realized." 343 U.S. 130, 137, 72 S.Ct. 571, 575.

Until the funds in question are reclaimed if they were "kickbacks" we think they constituted taxable income despite Wyss' alleged vulnerability, if any, under Indiana law to return it when and if, or because of a duty of the Indiana Attorney General or County Attorney to institute recovery proceedings. We are not rescinding Wilcox, as defendant's anticipatory argument suggests but observing that Wyss cannot come within the Wilcox holding unless the district judge found him to be an embezzler. And as both sides unanimously agree this Court does not weigh evidence nor find facts. Defendant has confused weight and credibility with questions of law.

Though in this opinion we have devoted comparatively more space to a discussion of points involving "kickbacks" and embezzlement than to the alleged "gifts," the latter are not overlooked. Haigler v. United States, 10 Cir., 1949, 172 F.2d 986, relied upon by Wyss in this phase of his appeal, is distinguishable by the confusing jury instructions precipitating that reversal. But see: United States v. Wain, 2 Cir., 1947, 162 F.2d 60. There being substantial evidence to support the judgment appealed, and an absence of reversible error, it is affirmed.

Judgment affirmed.