Richard Lockwood SMITH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 5822.

United States Court of Appeals
Tenth Circuit.

July 1, 1958.

Louis E. Midgley and Stephen B. Nebeker, Salt Lake City, Utah, for appellant.

J. Thomas Greene, Asst. U. S. Atty., Salt Lake City, Utah (A. Pratt Kesler, U. S. Atty., Salt Lake City, Utah, on the brief), for appellee.

Before BRATTON, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

BRATTON, Chief Judge.

Title 18, section 1001, United States Code, makes it a penal offense knowingly and willfully to make a false or fraudu-

lent statement or representation in any matter within the jurisdiction of a department or an agency of the United States. Drawn under the statute, the indictment in this case charged in substance that the defendant knowingly and willfully made and caused to be made to a special agent of the Internal Revenue Service the false and fraudulent statement and representation that he received no income from any type of prostitution activity, whereas, he had received substantial sums from prostitution and prostitutes. The jury found the defendant guilty; the court sentenced him to imprisonment; and he appealed.

The sufficiency of the evidence to sustain the charge contained in the indictment is challenged. The argument is that the Government failed to discharge the burden of proof necessary to establish that the money received by appellant constituted income to him, and that therefore a verdict of not guilty should have been directed. Briefly stated, the Government adduced evidence which tended to establish these facts. Appellant was an itinerant gambler and he conducted a cafe for awhile. He established and maintained contact with four prostitutes, to one of whom he was married. He suggested to one of the women that she become a prostitute. She agreed, and he taught her everything that she knew about the business. He made arrangements for her to ply the trade at different places. They met frequently, and from time to time she gave him substantial sums of money which she had earned as a prostitute. It was the understanding between them that he would keep the money, and that later when they had accumulated enough for the purpose they would enter the cafe and liquor business together. He arranged for his wife and another woman to enter the business together as prostitutes. He made arrangements for their employment as prostitutes at different places. He drove them to one place in his automobile and he furnished money for their transportation by bus to another. From time to time, they gave him

substantial sums of money which they had earned as prostitutes. And it was the understanding between them that when sufficient money had been accumulated, the women would quit the business of prostitution and the three of them would go into business together. He suggested to still another woman that she go to work for him as a prostitute and he told her that he had a good spot for her to go. He stated to two of the prostitutes that all payments to him were to be made in cash. He told them never to file an income tax return; to let him take care of the money; and that they would not have to file a return. He stated to one of them that he had a safe deposit box in a bank in Nevada, and that government officials could not open a safe deposit box for the purpose of finding out how much money was in it. No cafe or bar was ever established or acquired, and none of the money was returned to two of the prostitutes. The record is silent as to whether any was returned to the other two. A special agent of the Internal Revenue Service was conducting an investigation relating to the liability of appellant for income tax. And in the course of the investigation, appellant stated to the agent that he had never received any income from any type of prostitution activity.

In Commissioner of Internal Revenue v. Wilcox, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed. 752, it was held that money which the taxpayer had embezzled from his employer and lost at gambling houses did not constitute taxable income to him within the meaning of section 22 (a) of the Internal Revenue Code, 26 U. S.C. § 22(a). It was said that the essence of taxable income as that concept was imbedded in the statute was the accrual of some gain, some profit, or some benefit for the taxpayer. It was further said that taxable gain was conditioned upon the presence of a claim of right to the alleged gain and the absence of a definite, unconditional obligation to repay or return that which would otherwise constitute gain. It was further said that without some bona fide legal or

equitable claim, even though it be contingent or contested in nature, a taxpayer cannot be said to have received taxable gain or profit. And it was further said that if a taxpayer uses money or property in a manner to secure for himself gain or profit from it, he is subject to tax to that extent. But the court concluded that since the taxpayer merely received the money by embezzling it with no semblance of claim of right, interest, or economic benefit, it did not constitute taxable income to him. In wide difference from that case, appellant here and the women joined their efforts in a co-operative undertaking. Appellant made arrangements for the employment of the women as prostitutes with the understanding that they would ply their trade; that they would deliver to him money earned in that manner; that he would keep the money; that later it would be used for the establishment or acquisition of a business; and that they would be interested together in the business. Pursuant to their mutual arrangement, the women did deliver to him money earned from the practice of prostitution with the understanding that it would be used for the establishment or acquisition of a business; and that when established or acquired he would have an interest in it. He received the money under those circumstances. He had control of it. He had a claim of economic right and interest in it. He derived realizable economic value from it. And therefore it constituted income to him, at least to the extent of such interest. Rutkin v. United States, 343 U.S. 130, 72 S.Ct. 571, 96 L. Ed. 833; Rollinger v. United States, 8 Cir., 208 F.2d 109; Marienfeld v. United States, 8 Cir., 214 F.2d 632, certiorari denied, 348 U.S. 865, 75 S.Ct. 87, 99 L. Ed. 681; Briggs v. United States, 4 Cir., 214 F.2d 699, certiorari denied, 348 U.S. 864, 75 S.Ct. 86, 99 L.Ed. 681; Berra v. United States, 8 Cir., 221 F.2d 590, affirmed 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013; Davis v. United States, 6 Cir., 226 F.2d 331, certiorari denied, 350 U.S. 965, 76 S.Ct. 432, 100 L.Ed. 838; Dawkins v. Commissioner, 8 Cir., 238 F.2d 174; Drybrough v. Commissioner, 6 Cir., 238 F.2d 735; United States v. Wyss, 7 Cir., 239 F.2d 658; Schira v. Commissioner, 6 Cir., 240 F.2d 672; Hartman v. United States, 8 Cir., 245 F.2d 349. The evidence, considered as a whole, was sufficient to discharge the burden resting upon the Government to show that appellant received income from prostitution and prostitutes as charged in the indictment.

■■ Error is predicated upon certain instructions given to the jury. No exceptions were taken to the instructions, and no instructions were requested. Rule of the Criminal Procedure 30, 18 U.S.C., provides in presently pertinent part that no party may assign as error any part of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection; and Rule 52(b) provides that plain errors or defects affecting substantial rights may be noticed on appeal although they were not brought to the attention of the trial court. Considering the two rules together, it is settled law that ordinarily errors in the charge of the court are not open to review on appeal unless the matter was brought to the attention of the trial court by exception, but that notice may be taken of grave error which amounts to the denial of a fundamental right of the accused even though no exception was taken. Apodaca v. United States, 10 Cir., 188 F.2d 932; Fischer v. United States, 10 Cir., 212 F.2d 441; Palmer v. United States, 10 Cir., 229 F. 2d 861, certiorari denied, 350 U.S. 996, 76 S.Ct. 546, 100 L.Ed. 861; Corbin v. United States, 10 Cir., 253 F.2d 646. A careful examination of the instructions fails to indicate that grave error was committed which amounted to the denial of a fundamental right of the appellant and therefore the asserted error is not open to review.

The judgment is

Affirmed.