**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James A. PETERSON, Defendant-Appellant.**

**No. 14541.**

United States Court of Appeals
Seventh Circuit.

Oct. 20, 1964.

Rehearing Denied Nov. 17, 1964.

Joseph M. Solon, Chicago, Ill., for appellant.

Meyer Rothwacks, Acting Chief, Appellate Section, Burton Berkley, Atty., U. S. Dept. of Justice, Washington, D. C., Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Defendant James A. Peterson appeals from a judgment of conviction for willfully attempting to evade payment of his personal income taxes for the years 1956 through 1960. He was tried on a five-count indictment charging violations of section 7201 of the Internal Revenue Code of 1954.

Defendant waived trial by jury. The district judge, after a court trial, found defendant guilty and sentenced him for a period of two years imprisonment on each of the first four counts of the indictment, the sentences to be served concurrently. Defendant was placed on three years probation on the fifth count, the probationary period to commence following the termination of the prison sentence. A fine was also imposed.

The sole question is whether the district court's ultimate finding of a willful violation is supported by the evidence. A summary of the evidence follows.

The Government used the so-called net worth plus nondeductible expenditures method in establishing defendant's failure to report the correct amount of his income during the years covered by the indictment. The proof showed yearly increases in net income approximately in the same amounts as charged in the indictment. The total unreported income for the five-year period approximated $80,000 and the understated tax liability exceeded $31,000. Defendant stipulated to the correctness of the Government's net worth statement, exclusive of cash on hand, and did not dispute the tax liability. In fact, subsequent to his being indicted he paid the understated amount of tax.

Defendant is a professional gambler in East Chicago, Indiana, and has operated a lottery since 1951. During the indictment years defendant also owned and operated a package liquor business. The title to the store was held by nominees, first by his cousin and then by his brother. The apparent reason for concealing ownership was that under Indiana law one who purchases a federal wagering tax stamp is ineligible to hold a liquor license. The income from the liquor business was reported by the nominees and paid in their name. Defendant's income tax returns from his gambling operations and real estate holdings were prepared by a certified public accountant from information supplied by defendant and his bookkeeper. The bookkeeper received the information from defendant about his gambling operations on slips of paper. She entered the information on his books and then destroyed the slips.

During the investigation by the internal revenue agents defendant was asked about cash on hand. He said that he kept $15,000 to $17,000 as a gambling fund, but maintained that he had no other cash. After the investigation was completed in March, 1962, defendant's accountant informed him that were it to be assumed that defendant had no cash on hand at the beginning of the indictment years, it would be difficult to explain the increase of his assets if the only source of funds was the taxable income he had reported. It was only subsequent to this that defendant informed his accountant and the agents that in 1954 he had a cash hoard of between $50,000 and $60,000, the approximate difference between his net worth and his reported income. Although both defendant and his bookkeeper testified that there was such a cash accumulation, the bookkeeper admitted that she made a contrary statement to a special agent. The accountant testified that in his opinion, based on information given him by defendant in preparing his tax returns for the years 1953, 1954, and 1955, defendant could not have amassed such an amount during that period. Other testimony tended to show that he could not have accumulated it prior to 1953.

The district judge made special findings of fact in which he determined that defendant knew that he should report all his income and "willfully chose not to do so." The judge listed a number of circumstances which convinced him that defendant had willfully attempted to evade his income taxes. Among these circumstances were the following: defendant kept only such books as he thought necessary to satisfy the Government under the requirements of federal wagering tax laws; defendant kept these records in such a way that they could not be verified; and defendant owned a liquor store in the name of others. In the estimation of the judge, even if the ownership by nominees was merely a scheme to circumvent state law, such conduct placed defendant's credibility "on a very low plane." He also referred to the fact that defendant handled · his affairs in cash and had no bank account; that he kept a little "black book" in which he recorded his personal gambling income but had no other records to verify these amounts; that he had originally denied and later maintained that he had a cash hoard; and finally, that he was unable to make any reasonable explanation for the large discrepancy between admitted net worth and the amounts of income reported in his returns.

■ Upon a review of the record we are satisfied that the evidence was sufficient to support the district judge's finding that defendant willfully attempted to evade the payment of substantial sums of income taxes for each of the indictment years.

■ Defendant argues that some of the district judge's underlying findings which demonstrate willfulness are not supported by the evidence and that others are contrary to it. Basically, defendant's argument presents a question of the weight of the evidence and not of its sufficiency. Our function is limited to a determination of the latter. The underlying circumstances and inferences alluded to by the trial judge constituted sufficient indicia of defendant's fraud. They find substantial evidentiary support in the record.

We cannot say, as defendant contends, that the judge failed to consider evidence of defendant's cooperation with the internal revenue agents, his payment of the additional tax liabilities, and character evidence submitted by him.

■ After listing the circumstances which he considered persuasive, the district judge commented upon defendant's inability to make "any reasonable explanation" for the large discrepancy between his admitted net worth and the amount reported in his tax returns. Defendant contends this remark imposed upon him the burden of proving his innocence. We disagree. The judge's observation simply went to the weight and credibility of the evidence and did not place the burden of proof upon the defendant.

The district judge stated that the criteria of willfulness which he applied is delineated in United States v. Martell, 199 F.2d 670 (3d Cir. 1952). In that case the court said that willfulness is a state of mind in which the taxpayer is fully aware of the tax obligation which he seeks to conceal; that willfulness requires an intentional, rather than an inadvertent, act or omission; and that willfulness is characterized by a specific intent to conceal, in contrast to a genuine misunderstanding of the law's requirements or a good faith belief that certain income is not taxable. We are in accord with this definition.

Finally, there is no merit in defendant's contention that the district judge refused to comply with rule 23(c) of the Federal Rules of Criminal Procedure by refusing to make special findings of the evidence the judge thought had no bearing on willfulness. Negative findings of this character are not required.

The judgment is affirmed.