**Harry B. NORDSTROM, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 18186.

United States Court of Appeals
Eighth Circuit.

May 20, 1966.

Lawrence J. Hayes, Maun, Hazel, Green, Hayes, Simon & Aretz, St. Paul, Minn., made argument for appellant and filed brief with Joseph A. Maun, St. Paul, Minn.

Hartley Nordin, Asst. U. S. Atty., Minneapolis, Minn., made argument for appellee and filed brief with Miles W. Lord, U. S. Atty., Minneapolis, Minn.

Before MATTHES, MEHAFFY and GIBSON, Circuit Judges.

GIBSON, Circuit Judge.

Does the failure of a taxpayer to report funds embezzled on May 12, 1961, three days prior to the decision in James v. United States, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961) and the failure to pay the tax due thereon in a return filed in March, 1962 constitute an unlawful willful evasion of income tax for the year 1961? The trial court found that it did. We affirm.

■ The appellant, Harry B. Nordstrom, as General Purchasing Agent for the Great Northern Railway, embezzled approximately $84,000 from his employer and did not report any of this amount on his calendar year returns for 1958, 1959, 1960, and 1961. Appellant was indicted for unlawful evasion of Federal income taxes in violation of § 7201 I.R.C. of 1954 for each of the above four years. In a trial without jury, the United States District Court for the District of Minnesota, the Honorable Earl R. Larson, found appellant not guilty of unlawful evasion on income received in the years 1958, 1959, and 1960 under the doctrine of Commissioner of Internal Revenue v. Wilcox, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed. 752 (1946). The *Wilcox* decision held that money received from embezzlement was not taxable income. Therefore, failure to include embezzled sums in an income tax return would not constitute unlawful evasion. This was the law until May 15, 1961, and the trial court correctly held that appellant's returns filed prior to this date were proper insofar as criminal liabilities were concerned. On this date, however, James v. United States, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961) specifically overruled the *Wilcox* decision and held that money received from embezzlement was indeed taxable income.

The trial court found that even though the final and only embezzlement in 1961 of approximately $10,000 came prior to the decision in *James*, the unlawful evasion occurred when the return was filed in March, 1962, some ten months after the decision in *James*. On this basis the trial court found appellant guilty of tax evasion for the year 1961. Defendant Nordstrom appeals from this judgment.

On the basis of Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965) appellant argues that only prospective application should be given to the holding in *James*. Therefore, since the embezzlement in question occurred three days prior to *James*, this income should be considered nontaxable under the prior *Wilcox* doctrine. Appellant further argues that the *James* decision is vague and uncertain as to the criminal liability for failing to report prior embezzled funds, pointing out that this case required five opinions to express the feelings of nine justices. Due to this vagueness appellant argues that the Court cannot attribute to him the requisite intent to violate the tax law.

■ Appellant is charged with the crime of tax evasion. To be criminally liable on this charge, it first must appear that appellant was under a civil liability to pay the tax. In addition, his civil liability must have been so clearly the law at the time the erroneous return was filed that failure to report the embezzled funds amounted to a willful evasion.

■ As to the first point we believe there is no doubt. The *James* decision clearly held that embezzled money is taxable income of the embezzler in the year of the embezzlement. (See the syllabus of the Court, James v. United States, supra.) A proper reading of this case clearly indicates that the Court intended such proceeds to henceforth be taxed whether the embezzlement came prior to or following the date of the decision. This Court has so held. For a thorough discussion of this point see Judge Blackmun's opinion in Estate of Geiger v. Commissioner of Internal Revenue, 352 F.2d 221 (8 Cir.

1965). See also, Estate of Adame v. Commissioner of Internal Revenue, 320 F.2d 811 (5 Cir. 1963). *James* was to have retroactive application for the determination of civil tax liability.

We do not believe this holding has been altered in any way by the Supreme Court's recent expression in the *Linkletter* case. *Linkletter* dealt with the problem of failure to afford presently recognized Constitutional protections to criminal defendants at a time prior to their specific recognition by the Supreme Court. Neither the facts nor the reasoning of *Linkletter* have application to the retroactive determination of civil tax liability. It is within the power of a court to rule that a tax liability attached to income earned, or possessed with intent of use, in the past and must be reported in the future. Furthermore, it cannot even be said that this tax liability is unfair to appellant, because it would be ludicrous to believe that appellant embezzled funds in reliance upon the apparent nontaxability of the proceeds. Also, there appears to be no sound reason why tax preference should be accorded ill-gotten gains.

As to the second point, we believe that this civil tax liability was readily apparent to appellant at the time he filed his income tax return, thus making his willful failure to include this income, unlawful evasion. A perusal of the statute finds a noticeable absence of any provision holding only legally earned income taxable. Thus appellant's literal reading of the statute would indicate to him that all income, be it legal or illegal, is subject to tax. The statute has repeatedly been so interpreted by the Federal Courts, as appellant's imputed knowledge of the law would have told him. United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927); Johnson v. United States, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704 (1943). The position of the courts has been founded upon the legislative history of this portion of the internal revenue law. In amending the Income Tax Act of 1913, the 1916 amendment dropped the qualifying word "lawful." The obvious intent of Congress was to tax all types of income, legal and illegal. In 1946 the *Wilcox* decision made an exception to the general rule found in the statute and the prior cases by holding that embezzler's proceeds were not truly income. The subsequent decision in Rutkin v. United States, 343 U.S. 130, 72 S.Ct. 571, 96 L.Ed. 833 (1952) clearly indicated that *Wilcox* was indeed an isolated exception. *Rutkin* specifically limited *Wilcox* to its facts and undercut any force it may have had by holding that, unlike embezzlement, proceeds from extortion would be taxable income.

The feeling was widespread that the *Rutkin* decision absolutely repudiated *Wilcox* and as a consequence lower Federal courts made every attempt to avoid the effect of *Wilcox* by endeavoring to find some distinguishing characteristic. See, Marienfeld v. United States, 214 F. 2d 632 (8 Cir. 1954); Kann v. Commissioner of Internal Revenue, 210 F.2d 247 (3 Cir. 1953); Macias v. Commissioner of Internal Revenue, 255 F.2d 23 (7 Cir. 1958); United States v. Wyss, 239 F.2d 658 (7 Cir. 1957); Briggs v. United States, 214 F.2d 699 (4 Cir. 1954). Therefore, at the time of the *James* decision, it was apparent to all that the decision in *Wilcox* had been undercut, limited, and construed to the point that its effectiveness had been all but destroyed. In fact the Court in *James* states, "the *Wilcox* rationale was effectively vitiated by this Court's decision in *Rutkin*."

With this background, upon the handing down of the *James* decision it should have been abundantly clear that the last vestiges of *Wilcox* were being destroyed. The remnants of *Wilcox* were finally and absolutely repudiated to the point that no one could thereafter place any reliance on its pronouncements.

The opinion of the Court in *James* clearly held that embezzled money was taxable in the year of the embezzlement, but the conviction of James himself was reversed simply because at the time the return was filed, *Wilcox* was the controlling law. By its action here and the accompanying language the Court gave

notice to all that any future failures to report embezzled funds, regardless of the time they were embezzled, would subject the embezzler to criminal liability under the Federal tax law.

██. Therefore, taking the *James* case, not necessarily in isolation, but in the context of the statutory wording and subsequent interpretation, the *Rutkin* decision, and the Circuit Court opinions following the decision in *Rutkin*, we believe that appellant had proper notice of his tax liability at the time he filed his 1961 return. Therefore, a willful failure to include these funds as income on his 1961 return would constitute a violation of § 7201. The trial court's legal conclusion is correct.

██ The trial court further found that appellant willfully and knowingly attempted to evade a large part of the income tax due and owing by him by filing a false and fraudulent income tax return which failed to include therein substantial income which he knew he had received during the calendar year 1961. This factual determination is fully supported by the record.

Judgment affirmed.