John C. Kenny v. Commissioner.
Kenny v. Commissioner
Docket No. 2358-64.
United States Tax Court
T.C. Memo 1966-174; 1966 Tax Ct. Memo LEXIS 111; 25 T.C.M. (CCH) 913; T.C.M. (RIA) 66174; July 22, 1966
Edmond N. Amyot, 423 Broadway, Saratoga Springs, N. Y., for the petitioner. Charles M. Greenspan, for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: Respondent determined the following deficiencies in petitioner's income tax and additions to tax: Addition to tax
Sec. 6653(a),
Year
Deficiency
I.R.C. 1954
1959
$3,253.15
$162.66
1960
4,813.27
240.66
1961
2,668.19
133.41
The only issue for decision is whether petitioner, who filed joint Federal *112 income tax returns with his wife for the years 1959, 1960 and 1961, is jointly liable for tax on unreported income embezzled by his wife from her employer during those years. All other adjustments contained in the notice of deficiency dated March 6, 1964, are conceded by the petitioner. This is a fully stipulated case. The stipulation of facts and exhibits attached thereto are incorporated herein as our findings. Petitioner, John C. Kenny, and Angeline D. Kenny (hereinafter called Angeline) are husband and wife. They reside at 14 Greenway North, Glens Falls, New York. Petitioner and Angeline filed on April 15, 1960, a joint Federal income tax return, signed by each of them, for the taxable year 1959 with the district director of internal revenue, Albany, New York. For the taxable year 1959 the petitioner and Angeline consented in writing on February 27, 1963, to the extension of the period of limitations prescribed in section 6501(a), Internal Revenue Code of 1954, to June 30, 1964. Petitioner and Angeline filed timely joint Federal income tax returns, signed by each, for the taxable years 1960 and 1961 with the district director of internal revenue at *113 Albany, New York. Angeline was employed as a teller at the First National Bank of Glens Falls, New York. On October 10, 1961, she was arrested and admitted embezzling $52,913.38 from nine savings accounts of that bank during the period from 1950 to October 1961. She pleaded guilty to an information charging her with embezzlement on five counts. She was sentenced to confinement in Federal prison for one year and one day, and has served the sentence. During the taxable years 1959, 1960, and 1961 Angeline embezzled money from the bank in the amounts of $12,634.00, $16,765.58 and $11,015.42, respectively. These amounts were not reported as income in the joint Federal income tax returns filed by the petitioner and Angeline for such years. On March 6, 1964, the respondent sent by registered mail to petitioner and Angeline [1] a joint statutory notice of deficiency which determined, inter alia, that they failed to report embezzlement income of $12,634.00, $16,765.58 and $11,015.42 in their tax returns for the years in issue. Petitioner contends, as a matter *114 of law, that he cannot be held liable for the tax on the funds embezzled by his wife. Respondent contends otherwise; and the law supports respondent's position. In James v. United States, 366 U.S. 213 (1961), the Supreme Court held that embezzled funds were taxable income to the embezzler, in the year of embezzlement, overruling its prior decision in Commissioner v. Wilcox, 327 U.S. 404 (1946). A proper reading of the James case clearly indicates that the Supreme Court intended such proceeds to be taxed whether the embezzlement occurred before or after the date of the James decision. See Marvin E. Nerem, 41 T.C. 338 (1963), and the extended discussion of this point in Estate of Geiger v. Commissioner, 352 F. 2d 221 (C.A. 8, 1965), affirming a Memorandum Opinion of this Court. Cf. Nordstrom v. United States, 360 F. 2d 734 (C.A. 8, 1966), a criminal tax case. Thus, the James decision has retroactive application for the determination of civil tax liabilities. Section 6013(d)(3), Internal Revenue Code of 1954, provides that, if a joint return is filed, the tax must be computed on the aggregate *115 income and the liability with respect to the tax shall be joint and several. The "tax" for which a return-signing spouse is liable includes both the amount stated in the joint return and any deficiency assessments resulting from the incorrectness, inadequacy or bad faith of such joint filing. This is true despite the innocence of one spouse and the fault of the other. Jack Douglas, 27 T.C. 306 (1956), affirmed sub. nom. Sullivan v. Commissioner, 256 F. 2d 4 (C.A. 5, 1958). See also W. L. Kann, 18 T.C. 1032 (1952), affirmed 210 F. 2d 247 (C.A. 3, 1953), certiorari denied 347 U.S. 967 (1954). It is stipulated that the amounts Angeline embezzled from the bank in 1959, 1960 and 1961 were not included as income in the joint returns filed for those years. Since such amounts were properly includable in Angeline's income, then respondent's determination of deficiencies against both petitioner and Angeline is correct because there is joint and several liability for any deficiency based on taxable income received by either and unreported in the joint returns. See Howell v. Commissioner, 175 F. 2d 240, 241 (C.A. *116 6, 1949), and Viviano v. United States, 105 F. Supp. 312, 315 (D.C.E.D. Mich. 1952). Accordingly, we decide the disputed issue against the petitioner. Decision will be entered for the respondent. Footnotes
1. Angeline did not petition this Court for a redetermination of the deficiencies and additions to tax asserted against her.↩