**UNITED STATES of America,
Appellee,**

v.

**Edward E. MILDER, Appellant.**

**No. 71–1443.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 16, 1972.

Decided May 9, 1972.

Martin A. Cannon, of Matthews, Kelley, Cannon & Carpenter, Omaha, Neb., for appellant.

Robert J. Becker, Asst. U. S. Atty., Omaha, Neb., submitted by Richard A. Dier, U. S. Atty., District of Nebraska, for appellee.

Before MATTHES, Chief Judge, and BREITENSTEIN,* Senior Circuit Judge, and ROSS, Circuit Judge.

MATTHES, Chief Judge.

A jury found appellant guilty, under a three-count indictment, of having attempted to evade payment of federal income taxes by filing false returns for the years 1963, 1964, and 1965,[1] in violation of the Internal Revenue Code of 1954, 26 U.S.C. § 7201.[2] Judgment was entered, 329 F.Supp. 759, upon the verdict and this appeal has resulted. Because appellant does not question the sufficiency of the evidence to sustain a guilty verdict, our resume of the pertinent facts will be brief.

Milder is an accountant and one of his clients, during the years of his tax offenses, was the Milder Oil Company, which was operated by his uncle and cousins. Appellant's relationship with the company was such that he had authority to and did cause checks to be drawn upon company accounts and signed by authorized officers for amounts determined by appellant to be due various persons and entities. Appellant devised a scheme of overstating the amounts which the oil company was required to pay for excise taxes, causing company checks to be drawn for these inflated amounts, and then applying the excess funds to the tax obligations of appellant's other clients. When the clients subsequently provided appellant with checks to pay their taxes, these checks were cashed and the proceeds placed in a box in appellant's office. The oil company eventually became suspicious, discovered the embezzlement, and demanded and received restitution.

Appellant apparently had kept the funds intact throughout the period during which he possessed them. He testified that the money had not been taken for personal use, but rather because of a hatred for his more prosperous cousins, and thus that he did not consider the embezzled sum to be personal income for purposes of taxation. Appellant testified further that he was aware of various Supreme Court decisions which had ruled embezzlement income non-taxable, but that he was unaware of the Court's most recent decision on the subject, James v. United States, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1960), in which the Court ruled that funds derived by embezzlement constituted taxable income. Milder never reported his ill-gotten gains as income, nor did he deduct the repayment as an expense.

Milder raises several contentions on appeal: (1) the charge of failure to report embezzlement receipts for income tax purposes violates a Fifth Amendment guarantee by imposing criminal liability upon an individual for failing to perform an act which would have been self-incriminatory; (2) the statute is vague and thus unconstitutional; (3) failure to report income is not a crime if the income is surrendered, because no fraud upon the government results; (4) the district court erred in refusing to

---

* Senior Circuit Judge, Tenth Judicial Circuit, sitting by special designation.

1. The first count of the indictment charged that Milder reported his taxable income for 1963 as having been $19,188.10, whereas his actual taxable income was $68,274.79; the second count charged false reporting of a $34,626.10 taxable income for 1964, the true figure having been $61,923.94; the third count charged Milder with having reported a taxable income for 1965 of $38,203.34, the proper figure having been $60,885.63.

2. 26 U.S.C. § 7201.
    Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall . . . be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

give requested jury instructions which would have explained the effect of appellant's purported lack of familiarity with the *James* decision upon the question of his criminal intent; and (5) certain evidence offered by the government should not have been admitted by the district court.

The government opposes each of appellant's contentions and urges, additionally, that the Fifth Amendment claim be disposed of on the basis of appellant's alleged failure to assert this defense in a timely manner, as required by Rule 12, F.R.Cr.P., 18 U.S.C. The Fifth Amendment defense here was not asserted until after the jury had rendered its guilty verdict.

■ We consider first appellant's claims based upon the Fifth Amendment guarantee of freedom from compulsory self-incrimination. The government correctly observes that defenses based upon this guarantee should be raised prior to, or at least during, trial. Rule 12(b), F. R.Cr.P., *supra*; Grogan v. United States, 394 F.2d 287 (5th Cir. 1967); United States v. Reeves, 293 F.Supp. 213 (D.D. C.1968); 1 Wright, Federal Practice and Procedure, § 193, p. 410. We nonetheless consider the Fifth Amendment Defense on its merits.

■ We reject appellant's argument that the constitutional guarantee of immunity from compulsory self-incrimination bars prosecutions such as the present one. The Fifth Amendment does not release the recipient of illegal income from his duty to file a federal income tax return, United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L. Ed. 1037 (1927), and it does not authorize him to falsify answers on a return submitted. United States v. Knox, 396 U.S. 77, 90 S.Ct. 363, 24 L.Ed.2d 275 (1969).

The taxpayer in *Sullivan* had derived income through illegal trafficking in liquor, and sought to justify his failure to file a tax return by invoking the self-incrimination clause of the Fifth Amendment. This contention was rejected by Justice Holmes in the following passage:

> If the form of return provided called for answers that the defendant was privileged from making, he could have raised the objection in the return, but could not on that account refuse to make any return at all . . . It would be an extreme if not an extravagant application of the Fifth Amendment to say that it authorized a man to refuse to state the amount of his income because it had been made in crime. But if the defendant desired to test that or any other point he should have tested it in the return so that it could be passed upon.

274 U.S. at 263–264, 47 S.Ct. at 607.

The taxpayer in *Knox* did file a return, but falsified statements therein to avoid self-incrimination. The court ruled as follows:

> . . . [O]ne who furnishes false information to the Government in feigned compliance with a statutory requirement cannot defend against prosecution for his fraud by challenging the validity of the requirement itself.

396 U.S. at 79, 90 S.Ct. at 365. See also, Bryson v. United States, 396 U.S. 64, 72, 90 S.Ct. 355, 24 L.Ed.2d 264 (1969); Mackey v. United States, 401 U.S. 667, 705, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971) (concurring opinion).

The inescapable conclusion to be drawn from these cases is that the Fifth Amendment cannot serve as a bar to the prosecution here on review. Our opinion in Heligman v. United States, 407 F.2d 448 (8th Cir. 1969), cert. denied, 395 U.S. 977, 89 S.Ct. 2129, 23 L.Ed.2d 765 (1969), supports this conclusion, although *Heligman* and the present case may be distinguishable on their facts.

■ The opinion of this court in Nordstrom v. United States, 360 F.2d 734 (8th Cir. 1966), cert. denied, 385 U. S. 826, 87 S.Ct. 59, 17 L.Ed.2d 63 (1966), answers appellant's next claim that the statute under which he was con-

victed is unconstitutionally vague in its application to the taxability of embezzlement income. After disussing the decision of the Supreme Court in James v. United States, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1960), Judge Gibson, speaking for the court, wrote the following:

> The opinion of the Court in *James* clearly held that embezzlement money was taxable in the year of the embezzlement. . . . By its action here and the accompanying language the Court gave notice to all that any future failures to report embezzled funds . . . would subject the embezzler to criminal liability under the federal tax laws.

360 F.2d at 736–737. We reiterate the quoted passage and reject appellant's argument that the statute here involved is too vague to support criminal prosecution.

■■ Appellant next urges that his conviction must be reversed either because restitution of the stolen funds has obviated any income he might have had from the embezzlement, and thus precluded the perpetration of any tax fraud upon the government, or because the embezzled funds were not used by appellant and thus never were taxable as his income. Neither of these claims withstands analysis. Regarding the effect of restitution, it should be sufficient to cite the Supreme Court ruling, in Sansone v. United States, 380 U.S. 343, 354, 85 S.Ct. 1004, 1011, 13 L.Ed.2d 882 (1965), that the crime defined by 26 U.S.C. § 7201 "was complete as soon as the false and fraudulent understatement of taxes . . . was filed." Appellant's contention that the embezzled money was not income may be disposed of by reference to the following language from the *James* opinion:

> When a taxpayer acquires earnings, lawfully or unlawfully, without the

consensual recognition, express or implied, of an obligation to repay and without restriction as to their disposition, "he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent."

366 U.S. at 219, 81 S.Ct. at 1055.[3]

■ We turn next to the claim that the jury should have been instructed with regard to appellant's alleged lack of familiarity with the *James* decision and the effect of this ignorance upon the element of criminal intent. It has been held that willfulness is a state of mind in which the taxpayer is fully aware of the tax obligation which he seeks to conceal; that willfulness requires an intentional rather than an inadvertent act or omission. See United States v. Peterson, 338 F.2d 595, 598 (7th Cir. 1964), cert. denied, 380 U.S. 911, 85 S.Ct. 896, 13 L.Ed.2d 798 (1965). Here, the element of willfulness was controverted, and thus it was for the jury to resolve under appropriate instructions whether appellant acted willfully in failing to report the embezzled funds. It is clear that Judge Robinson took pains to instruct the jury on this point. Further, appellant had been permitted to testify in some detail regarding his claimed belief that the money in question was not taxable and the alleged basis for this belief.

Appellant's final allegation of error concerns admission by the district court of various items of evidence. We discern no error in these admissions, and find, further, no prejudicial effect which might warrant reversal even if error had been committed.

The judgment of conviction is affirmed.

---

3. Appellant recognizes that *James* is devastating to his position, and suggests that the decision should be overruled. This course of action obviously would not be open to us even if we desired to pursue it, and the argument properly should be made to the Supreme Court.